**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHENETRA FRANKLIN, on behalf of<br>herself, and all other plaintiffs similarly<br>situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) | No. 17-cv-00767 |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Shenetra Franklin ("Franklin" or "Plaintiff") and Lincoln International LLC ("Defendant" or "Lincoln" and collectively with Plaintiff, the "Parties"), through their respective counsel, seek approval of their settlement in this lawsuit, which was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). The Parties submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, the Parties state as follows:

1. On January 30, 2017, Plaintiff filed this lawsuit against Defendant, alleging that she and other similarly situated individuals were not compensated for all hours worked. Defendant denies that it violated the FLSA or IMWL.

2. Since the filing of the lawsuit, Defendant has produced to Plaintiff time and pay records related to her claims.

3. Plaintiff and Defendant have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations have resulted in a settlement between Plaintiff and Defendant. The terms of settlement are contained in the Settlement

Agreement and Mutual Release which is attached as Exhibit A.

4.     Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted.  *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, *6 (2d Cir. Aug. 7, 2015); *Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986).  Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).

5.     This settlement was the product of arm's-length negotiations by Plaintiff and Defendant.  It provides relief to Plaintiff, and eliminates the inherent risks and costs the Parties would bear if this litigation were to continue.  Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

6.     For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

WHEREFORE, the Parties respectfully request that this Court review and approve the negotiated Settlement Agreement and Mutual Release, and dismiss Plaintiff's claims in this lawsuit initially without prejudice, with that dismissal to convert to a dismissal with prejudice on May 30, 2017, and with each party to bear its own fees and costs in accordance with the Settlement Agreements and Releases.

Respectfully submitted,

| LINCOLN INTERNATIONAL, LLC | SHENETRA FRANKLIN |
|---|---|
| By: /s/ David N. Michael | By: /s/ John Billhorn |
| David N. Michael | John Billhorn |
| Attorney No. 6216553 | Billhorn Law Firm |
| Gould & Ratner LLP | 53 West Jackson Blvd, Suite 840 |
| 222 N. LaSalle St., Ste. 800 | Chicago, IL, 60604 |
| Chicago, IL  60601 | (312) 853-1450 |
| (312) 236-3003 | |
| dmichael@gouldratner.com | *Attorneys for Plaintiff* |
| *Attorneys for Defendant* | |

4822-2165-5880, v.  1

3

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into on the date indicated below by and between SHENETRA FRANKLIN ("PLAINTIFF") and LINCOLN INTERNATIONAL LLC ("LINCOLN"). Desiring to settle all matters relating to or arising out of PLAINTIFF'S Complaint filed with the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), and known as Case No. 17-cv-00767 (the "Lawsuit"), PLAINTIFF and LINCOLN (collectively referred to herein as the "Parties") hereby knowingly and voluntarily agree to the following terms and conditions of settlement:

1. This Agreement does not constitute an admission by LINCOLN, any parent, subsidiaries, affiliates, predecessors, successors, assigns, related companies or entities, or any of its or their employee benefit plans, trustees, fiduciaries or administrators, or any of its or their respective past or present owners, members, officers, directors, partners, insurers, agents, representatives, attorneys, accountants, actuaries or employees (all collectively referred to as the "Released Parties") that it or they engaged in any unlawful acts in PLAINTIFF'S employment with LINCOLN, the termination of that employment relationship or the events alleged in the Lawsuit. The term "affiliate" is used herein as defined in the Securities Act of 1933, as amended.

2. In exchange for the promises made by LINCOLN herein, PLAINTIFF covenants that (a) she has not filed any claim, claims, lawsuits or other legal actions against the Released Parties other than the Lawsuit, (b) she has not assigned to any person or entity any claim, claims, lawsuits or other legal actions against the Released Parties, (c) she has not been denied any rights provided for under the FMLA, USERRA or any similar state or local law(s) or ordinance(s); (d) she is not aware of any conduct by LINCOLN that may violate any federal, state, or local law, rule or regulation other than as alleged in the Lawsuit; and (e) unless otherwise prohibited by law, she will not file or prosecute any lawsuit(s) in federal or state court relating to or arising out of her employment with LINCOLN, the termination of that employment relationship or the events alleged in the Lawsuit. Further, PLAINTIFF forever knowingly and voluntarily waives and releases any and all claims of any kind which she has, had or may have up to and including the date hereof against the Released Parties. This waiver and release includes, without limitation, any and all manner of action or causes of actions, suits, contracts, agreements, promises, wages, overtime, expenses, commissions, benefits, claims, charges, of any nature whatsoever, in law or equity, known or unknown, direct or indirect, contingent or determined, liquidated or unliquidated, and all expenses, attorneys fees and costs in connection therewith including, but without limiting the generality of the foregoing, any and all claims, lawsuits or legal actions relating to or arising out of her employment relationship with LINCOLN, the termination of that employment, and the events alleged in the Lawsuit. PLAINTIFF also waives any and all rights to recover money in connection with any charge or other investigation by any administrative agency and assigns any such recovery to LINCOLN. *PLAINTIFF agrees and acknowledges that this Agreement is intended to be a general release that extinguishes all claims by her against the Released Parties* and that she is waiving any rights and claims arising under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Fair Labor Standards Act, the Workers Adjustment

Retraining and Notification Act, the Americans With Disabilities Act, the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act ("FMLA"), the Genetic Information Nondiscrimination Act, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, the Occupational Safety and Health Act, the Vietnam Era Veterans Readjustment Act, the Fair Credit Reporting Act, Executive Order No. 11246, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, any and all applicable amendments to those named statutes, any applicable state human rights statutes and all other federal, state and local statutes, ordinances, executive orders and common law to the fullest extent permitted by law. This Agreement is intended as a full settlement and compromise of each, every, and all claims of every kind and nature, whether known or unknown, arising either at common law or by statute; no claim, act, damage, demand, right of action, or cause of action of any sort whatsoever, whether known or unknown, is reserved.

3. In exchange for the promises made by PLAINTIFF herein, LINCOLN knowingly and voluntarily waives and releases any and all claims related to or arising out of PLAINTIFF'S employment which it has, had or may have against PLAINTIFF up to and including the date of this Agreement; provided, however, that LINCOLN does not waive or release any claims related to breach of this Agreement, fraud, embezzlement or breach of fiduciary duty of loyalty (LINCOLN acknowledges and agrees none of which are currently known). Notwithstanding the foregoing, LINCOLN does not waive or release any claims related to third party claims arising out of PLAINTIFF'S gross negligence, bad faith or willful misconduct (LINCOLN acknowledges and agrees none of which are currently known).

4. PLAINTIFF agrees to dismiss all claims whatsoever asserted by her in the Lawsuit with prejudice and without an award of costs or attorneys fees. Further, she agrees to sign and/or for her attorneys to sign and deliver to counsel for LINCOLN an Agreed Motion for Approval of Settlement Agreement and any other papers necessary to effectuate a complete dismissal of the Lawsuit with prejudice and without an award of costs or attorneys fees. The Parties acknowledge and agree that the settlement provided for in this Agreement must be approved by the Court before becoming final and effective.

5. In return for PLAINTIFF'S execution of this Agreement, LINCOLN agrees to pay a total of Six Thousand Seven Hundred Eighty Four Dollars ($6,784.00) divided as follows:

    a.     a check in the sum of Three Thousand Five Hundred Dollars ($3,500.00) representing PLAINTIFF'S attorneys' fees and costs payable to "Billhorn Law Firm";

    b.     a check in the sum of Three Thousand Two Hundred Eighty Four Dollars ($3,284.00), less applicable withholdings including taxes, payable to "Shenetra Franklin" as back pay;

    c.     LINCOLN shall deliver the above-specified payments to PLAINTIFF'S counsel of record, within fourteen (14) days after (i) LINCOLN'S counsel of record receives from PLAINTIFF two signed and notarized, original counterparts of this Agreement and a signed original of the Parties' Agreed Motion for Approval of Settlement Agreement; (ii) the Court

approves the Parties' settlement; and (iii) Billhorn Law Firm provides
LINCOLN'S counsel of record with a signed W-9 form with its tax
identification number.

    d.    LINCOLN will issue to PLAINTIFF and to Billhorn Law Firm a 2017
form 1099 reflecting the payment to be made in subparagraph "a" above
(reported as other income in box 3 of that form) and provide to
PLAINTIFF a 2017 form W-2 reflecting the payment to be made in
subparagraph "b" above.

    e.    PLAINTIFF agrees to indemnify and hold harmless LINCOLN in the
event that any taxing authority determines that LINCOLN is liable for any
tax liabilities arising out of the payment provided for in subparagraph "a"
above (including any penalties, interest, costs and attorneys' fees related
thereto).

6. PLAINTIFF waives any claim for attorneys' fees, costs or any relief other than that
set forth in paragraph 5 of this Agreement.

7. PLAINTIFF agrees that this Agreement and any and all matters concerning this
settlement will be regarded as privileged and confidential communication between the Parties.
Except as is otherwise provided for herein, PLAINTIFF agrees that she will not publicize or
disclose or cause or knowingly permit or authorize the publicizing or disclosure of the contents
of this Agreement, the negotiations leading up to it, the claims it settles or the facts underlying
such claims to any person, firm, organization or entity of any and every type, public or private,
for any reason, at any time, without the prior written consent of LINCOLN. In response to any
third-party inquiries about PLAINTIFF'S claims, PLAINTIFF may say only: "My case is over
and I cannot discuss it." PLAINTIFF is permitted to make disclosures of the above-referenced
confidential information, only as required, to her accountants, tax preparers, attorneys,
immediate family members, to any governmental agency, as otherwise required by subpoena or
to the Court for purposes of approving settlement. PLAINTIFF acknowledges she has instructed
(or will promptly instruct) her accountants, tax preparers, attorneys, and immediate family
members, to keep the dollar amounts, all terms of this Agreement, the fact of settlement, the
claims it settles and the facts underlying such claims, in strict confidence, and to not disclose the
dollar amounts, the terms of this Agreement, the fact of settlement, the claims it settles or the
facts underlying such claims to anyone (except as otherwise provided for herein). PLAINTIFF
agrees that any disclosures by herself, her attorneys, accountants, tax preparers, and/or
immediate family members shall be treated as a breach of this Agreement by PLAINTIFF;
damages, in the event of such occurrence, shall include costs and attorneys' fees for LINCOLN.
In the event that PLAINTIFF is lawfully served with a subpoena to provide information which
would otherwise violate or require disclosures under the confidentiality or nondisparagement
provisions of this Agreement (paragraphs 7 or 8), PLAINTIFF shall provide at least fifteen (15)
days written notice of the subpoena to David N. Michael, Esq., Gould & Ratner LLP, 222 North
LaSalle Street, Suite 800, Chicago, Illinois or his designee to provide LINCOLN with an
opportunity to seek court intervention to prevent disclosure of the information sought in the
subpoena. In the event that the subpoena is lawfully served upon PLAINTIFF such that she is
unable to provide David N. Michael or his designee with fifteen (15) days written notice,
PLAINTIFF shall provide notice immediately upon receipt of a subpoena. PLAINTIFF

3

understands her pledge of confidentiality in this paragraph is an integral part of LINCOLN'S agreement to settle this matter.

8.   PLAINTIFF covenants that she will not make any statements about LINCOLN (including the Released Parties) which could reasonably be expected to adversely affect its or their reputation(s) or business or which are disparaging in any fashion to the Released Parties, unless contrary to or otherwise required by law.  However, no provision of this Agreement is intended to limit, in any way, PLAINTIFF'S right: (a) to engage in protected concerted activity under the National Labor Relations Act, (b) to file, participate in a charge or similar investigation, or to communicate, openly and honestly, with the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration or any other federal, state or local agency enforcing discrimination, retaliation or safety laws, or (c) to voluntarily report information protected under federal, state, or local whistleblower provisions, including violations of U.S. securities law in accordance with Securities and Exchange Commission Rule 21F-17. PLAINTIFF is, however, except as prohibited by law, waiving any and all rights to recover money in connection with any such charge, other investigation, claim, lawsuit, or legal action by any such agency and assigning any such recovery to LINCOLN.

9.   The Parties agree that in the event of a reference request concerning PLAINTIFF, LINCOLN will direct such inquiry to a person with knowledge of this Agreement and this provision and that person will only provide PLAINTIFF'S dates of employment, position held and final salary and will not make by suggestion or innuendo any reference to the fact that Plaintiff brought litigation or claims of any kind against LINCOLN.

10. This Agreement constitutes the entire agreement between PLAINTIFF and LINCOLN and supersedes any previous communications, representations or agreements, whether oral or written, with respect to the subject matter hereof.

11. PLAINTIFF waives any claim to employment or reemployment in any position with LINCOLN, its parents, subsidiaries, affiliates, predecessors, successors, assigns, related companies or entities (collectively, the "Potential Employers"), either now or in the future, and further agrees to never again seek employment with the Potential Employers.  PLAINTIFF agrees not to take any legal action due to the refusal of any of the Potential Employers to hire her at any time in the future and agrees that the Potential Employers shall not be liable for any damages now or in the future because any of the Potential Employers refuses to hire her.

12. The terms and provisions of this Agreement shall be deemed separable, so that if any term or provision is deemed to be invalid or unenforceable, such term or provision is deemed deleted or modified so as to be valid and enforceable to the full extent permitted by applicable law.  This Agreement is subject to the laws of the State of Illinois, without giving effect to choice of law principles thereunder.

13. This Agreement shall inure to the benefit of the Parties (including the Released Parties) and may be enforced by the Parties who enter into this Agreement and shall be binding upon PLAINTIFF, LINCOLN, any Party's executors, administrators, legatees, or any other successor(s) in interest and upon the Released Parties, their successors and any assignee or

transferee of or successor to all or substantially all of the business or assets of the Released Parties. This Agreement may not be amended, in whole or in part, except in writing signed by the Parties.

14. PLAINTIFF acknowledges that she has reviewed this Agreement with her counsel. Therefore, in the event of vagueness or ambiguity, the Parties acknowledge and agree that this Agreement shall not be construed against any party preparing it, but shall be construed as if the Parties prepared it jointly.

15. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

IN WITNESS WHEREOF, the undersigned acknowledge that they have read and fully understand the contents of this Agreement and hereby knowingly and voluntarily execute this Agreement to be effective as specified above:

*PLAINTIFF:*

_____
Shenetra Franklin

DATED: _____

For: LINCOLN INTERNATIONAL LLC

_____
By:

_____
Its:

DATED: _____

4842-2981-1270, v. 4

5